IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

WILLIE C. PHELPS,

        Petitioner,

v.

Warden PERRY,

        Respondent.

No. 7:24-cv-00031-WLS-TQL

### DISMISSAL ORDER

*Pro se* Petitioner Willie C. Phelps filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the Southern District of Georgia. ECF No. 1. On March 29, 2024, Petitioner was informed that his petition was deficient in that he failed to sign his complaint. ECF No. 5. Petitioner was instructed that he must submit a signed petition or his habeas action could be dismissed. *See id.* On April 2, 2024, the Magistrate Judge in the Southern District of Georgia granted Petitioner leave to proceed without payment of the filing fee and ordered the transfer of this habeas action to this Court. ECF No. 6. Upon transfer to this Court, Magistrate Judge Thomas Langstaff correctly surmised on April 23, 2024 that the Petitioner should not have been granted leave to proceed *in forma pauperis* due to his ability to pay the $5.00 filing fee and thus ordered Petitioner to pay the filing fee. ECF No. 9. Additionally, Petitioner was reminded that Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very document filed with the Court by a *pro se* litigant must be signed by that litigant, and the Court is required to strike any

unsigned document unless the omission of the signature is promptly corrected after being called to the litigant's attention". ECF No. 9 at 2. Accordingly, Petitioner was once again ordered to sign and return his complaint. *Id.* Petitioner was provided fourteen (14) days to submit the filing fee and a signed complaint. *Id.* Petitioner failed to respond.

Therefore, on May 14, 2024, the Court notified Petitioner that it had not received a response and ordered him to show cause why his action should not be dismissed for failure to comply with an order of the Court. ECF No. 10. Petitioner was advised that should he fail to aptly respond to the order to show cause or otherwise submit his signed petition and pay the filing fee, this action may be dismissed without prejudice. *Id.* Petitioner was given fourteen (14) days to respond. *Id.* Petitioner has not responded.

Because Petitioner has failed to comply with the Court's orders or otherwise prosecute his case, this civil action is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

SO ORDERED, this 10th day of June, 2024.

_____
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT